DERICK E. KONZ, ESQ., SB No. 286902
  dkonz@akk-law.com
WILLIAM J. BITTNER, ESQ., SB No. 292056
  wbittner@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendant COUNTY OF LAKE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN J.H. DOE; JOHN I.H. DOE; and JANE L.W. DOE, individuals,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LAKE,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF STATE ACTION (28 U.S.C. § 1441(a))** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a), Defendant COUNTY OF LAKE hereby removes to this Court the following action: Superior Court of the State of California, County of Lake, Case No. CV428400, entitled *John J.H. Doe, et al. v. County of Lake.,* the complaint filed on February 19, 2026.  A copy of the complaint is attached hereto as **Exhibit A**.

Defendant was served with the complaint on March 3, 2026.  Defendant has not yet answered or otherwise responded to the Complaint.  Thus, this removal is timely pursuant to 28

-1-
NOTICE OF REMOVAL OF STATE ACTION (28 U.S.C. § 1441(a))

U.S.C. § 1446(b)(1) because this Notice of Removal is being filed within 30 days of service of the complaint.  In accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants join in the removal of this action; no named Defendants exist in the case other than the removing Defendant.

Pursuant to Local Rule 120(d), venue is proper in the Northern District of the State of California, Eureka Division, because Defendant is the County of Lake and the alleged actions of Defendant occurred in Lake County.

This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question), because Plaintiff alleges violations of 42 U.S.C. § 1983. (Exhibit A at the Eighth, and Ninth Causes of Action).  As this action could have been originally filed in Federal court, removal is proper under 28 U.S.C. § 1441(a).  Additionally, this Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. §1367(a).

Dated:  April 2, 2026

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Derick E. Konz*

By:_____
DERICK E. KONZ
WILLIAM J. BITTNER
Attorneys for Defendant COUNTY OF LAKE

# EXHIBIT A

Jordan M. Jones, Esq. SBN 344487
STINAR LANNEN, PLLC
360 E 2nd St., Suite 820
Los Angeles, CA 90012
Tel: (213) 223-6640
Email: Jordan@StinarLannenLaw.com
*Counsel for Plaintiffs*

Parker G. Stinar, Esq. (*Pro Hac Vice* forthcoming)
STINAR LANNEN, PLLC
280 W. Maple Rd., Ste. 230
Birmingham, Michigan 48009
Phone: (248) 565-2690
Fax: (248) 565-2691
Email: Parker@StinarLannenLaw.com
*Counsel for Plaintiffs*

Symone D. Shinton, Esq. (*Pro Hac Vice* forthcoming)
STINAR LANNEN, PLLC
280 W. Maple Rd., Ste. 230
Birmingham, Michigan 48009
Phone: (213) 277-6480
Fax: (248) 565-2691
Email: Symone@StinarLannenLaw.com
*Counsel for Plaintiffs*

ELECTRONICALLY FILED
SUPERIOR COURT,
COUNTY OF LAKE
02/19/2026 at 11:38:12 AM
Krista D. LeVier
By _____
Melanie M Smith, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
LAKE COUNTY

| | |
|---|---|
| JOHN J.H. DOE; JOHN I.H. DOE; and JANE L.W. DOE, individuals, <br><br> PLAINTIFFS, <br><br> vs. <br><br> COUNTY OF LAKE, a public entity; DOES 1-100, individuals, <br><br> DEFENDANTS. | Case No.:   CV428400 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **SEXUAL ASSAULT** <br> 2. **SEXUAL BATTERY** <br> 3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br> 4. **VIOLATION OF BANE ACT (CIVIL CODE 52.1)** <br> 5. **NEGLIGENCE** <br> 6. **NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION** <br> 7. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

1

8. **VIOLATION OF 42 U.S.C. § 1983 (AGAINST INDIVIDUAL DEFENDANTS)**
9. **MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 (*MONELL*) (AGAINST COUNTY OF LAKE)**
10. **FAILURE TO SUMMON IMMEDIATE MEDICAL CARE (GOV'T CODE § 845.6) (AGAINST COUNTY OF LAKE AND INDIVIDUAL DEFENDANTS)**

**DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, JOHN J.H. DOE, JOHN I.H. DOE, and JANE L.W. DOE individuals (herein after referred to as "PLAINTIFFS"); for causes of action against Defendants COUNTY OF LAKE, a public entity (hereinafter "COUNTY"); and the following individuals who were employed by the County at all relevant times: DOES 1-100, inclusive, (herein after referred to as "INDIVIDUAL DEFENDANTS" and the terms "DEFENDANTS" shall reference all Defendants, including DOES 1-100 and COUNTY, its agents and/or employees), alleges as follows:

## INTRODUCTION

1. This case arises from a systemic failure to protect vulnerable minors in our juvenile detention system from egregious patterns of foreseeable sexual misconduct and abuse by the same predator officers and county officials who swore an oath to serve and protect. These acts of sexual deviance against citizens derive from the same framework that provides the basis for legitimate policing where they often operate alone and largely free from any direct supervision, either from administrators or fellow officers. PLAINTIFFS were abused as incarcerated minors who were separated from their families; ideal victims, giving officer abuser DEFENDANTS prime targets to sexually exploit. PLAINTIFFS were frightened and was typically told that if they complained, it would fall on "deaf ears" at best, and/or they would be punished at worst. DEFENDANTS

2

affirmative conduct and representations created the false assumption that PLAINTIFFS would and could not report the conduct, and, if they did, nobody would believe them over the word of sworn peace officers subject to the power and coercive authority granted to police.

2. This egregious conduct in violation of PLAINTIFFS' civil liberties, state constitutional rights as well as Penal Code §§ 243.4(a) and 289.6 which makes it a crime to engage in sexual misconduct with an inmate, which occurred under color of authority by actors, employees and/or agents of COUNTY'S Probation Officers and employees, while they were detained and housed at a juvenile facility owned and/or operated by COUNTY'S Probation Department.

3. The INDIVIDUAL DEFENDANTS used their positions of trust and authority to repeatedly sexually abuse minor inmates in their custody, care, control, and direction by engaging in various brutal and sexual acts ranging from threats and use of pepper spray to inappropriate touching and/or aggressive groping to oral, vaginal or anal sex, and penetration. If PLAINTIFFS and other similarly situated failed to comply with the demands of the INDIVIDUAL DEFENDANTS, they were punished by having their privileges taken away and/or physically threatened with abuse, or loss of further rights and privileges.

4. These abuses were committed to satisfy the INDIVIDUAL DEFENDANTS' own control, power, and sexual desires at the expense of defenseless minors, including PLAINTIFFS. Defendant COUNTY was and/or should of all the abuses that PLAINTIFF endured during the confinement of COUNTY Facilities. However, instead of taking adequate corrective and preventive actions, COUNTY ratified and endorsed the INDIVIDUAL DEFENDANTS' behavior through acts and/or omissions and their undeniable illegal conduct, which sent a message to PLAINTIFF and others similarly situation that such abuse and harassment was acceptable by COUNTY.

## PARTIES

5. PLAINTIFFS and those similarly situated were at all relevant times herein residents of the State of California. Due to PLAINTIFFS being a victim of childhood sexual abuse and harassment, their identities have been protected in this public filing due to the sensitive and

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

personal nature of the allegations under *Penal Code* § 293 and the fact that they were victims of sexual assault as minors.

6. Defendant COUNTY is, and at all relevant times herein, was a government entity located in the County of Lake, State of California. COUNTY was and is organized under the laws of the State of California. COUNTY was responsible for the supervising, hiring, retention, and training of INDIVIDUAL DEFENDANTS. At all relevant times, COUNTY and INDIVIDUAL DEFENDANTS had minor residents under its care, custody, and control that were confined to its premises including PLAINTIFFS.

7. One department that makes up Defendant COUNTY'S government is the Juvenile Division Probation Department. PLAINTIFFS are informed and therefore believe, that its main offices are located at 201 South Smith Street Lakeport, CA 95453. Defendant COUNTY'S Juvenile Division Probation Department operates youth detention camps owned and/or operated by Defendant COUNTY, which exclusively housed youth in several facilities.

8. Lake County Juvenile Hall ("LCJH") is a secure facility for minors located at 255 North Forbes Street, Lakeport, CA 95453, which is owned and operated by COUNTY.

9. INDIVIDUAL DEFENDANTS at all relevant times herein were individuals residing in the County of Lake, acting under the authority and in the course and scope of their employment with Defendant COUNTY at the time the improper and unlawful conduct occurred. PLAINTIFFS were not told these officer's full names, and some were not aware if they told first or last names, or the proper spelling. The full true legal names of INDIVIDUAL DEFENDANTS are readily unavailable and unknown to PLAINTIFFS. When the true full names of INDIVIDUAL DEFENDANTS are ascertained, PLAINTIFFS will request leave of Court to amend this Complaint to state their true names herein.

10. Defendants DOES 1-20, inclusive, and each of them, are sued herein under said fictitious names. PLAINTIFFS are ignorant as to the true names and capacities of DOES 1-20. DOES 1-20 are individuals who were in a supervisory, employee, and/or agent relationship or role that controlled, operated, or supervised the youth facility located in Lake County, California. DOES 1-20 were responsible for the supervising, hiring, retention, and training of DOES 51-100.

4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DOES 1-20 were employees, agents, principals, and/or contractors of COUNTY. When the true names of DOES 1-20 are ascertained, PLAINTIFFS will request leave of Court to amend this Complaint to state their true names herein.

11.    Defendants DOES 21-50, inclusive, and each of them, are sued herein under said fictitious names. PLAINTIFFS are ignorant as to the true names and capacities of DOES 21-50. DOES 21-50 are individuals, corporations, and/or entities that operated, controlled, or supervised the youth facilities in Lake County, California. DOES 21-50 were responsible for the hiring, retention, and training of DOES 51-100. DOES 21-50 were employees, agents, principals and/or contractors of COUNTY. When the true names of DOES 21-50 are ascertained, PLAINTIFFS will request leave of Court to amend this Complaint to state their true names herein.

12.    Defendants DOES 51-100, inclusive, and each of them, are sued herein under said fictitious names. PLAINTIFFS are ignorant as to the true names of DOES 51-100 who are individuals sued by such fictitious names. DOES 51-100 were employees, agents, principals and/or contractors of COUNTY and DOES 1-50 while working at the facility in Lake County, California. When the true names of DOES 51-100 are ascertained, PLAINTIFFS will request leave of Court to amend this Complaint to state their true names herein.

13.    At all times mentioned herein, DOES 51-100 were adult guards, counselors, supervisors, mentors, advisors, and employees of COUNTY and DOES 1-50. DOES 51-100 acting as employees, agents, and/or servants, were under Defendant COUNTY and DOES 1-50's control and/or supervision. Upon information and belief, DOES 51-100 were employed as guards, counselors, staff members, and/or supervisors of minor residents while at COUNTY and DOES 1-50's facility. As their employees, COUNTY and DOES 1-50 held DOES 51-100 out to the public and PLAINTIFFS to be of high ethical and moral repute, and to be in good standing with COUNTY and DOES 1-50 and the public in general. In this capacity, DOES 51-100 oversaw, supervised, mentored and advised residents confined to their custody regarding personal issues, daily needs, their future, and general emotional and psychological issues. COUNTY and DOES 1-50 held DOES 51-100 out to the public and PLAINTIFFS to be highly qualified guards, counselors, supervisors, mentors, and advisors who could and would assist PLAINTIFFS with

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

daily living needs as well as working through personal issues they faced, especially in light of the fact PLAINTIFFS were minors in custody. Inherent in this representation was the understanding that DOES 51-100 were persons of high ethical and moral standing, selected to provide supervision, leadership, guidance, mentoring, and advising to all resident inmates, including PLAINTIFFS. PLAINTIFFS reasonably assumed that DOES 51-100 were persons worthy of their trust.

14.     PLAINTIFFS are informed and believe, and on that basis, allege, that at all times mentioned herein, there existed a unity of interest and ownership among DEFENDANTS, and each of them, such that any individuality and separateness between DEFENDANTS, and each of them, ceased to exist. DEFENDANTS, and each of them, were the successors-in-interest and/or alter egos of the other Defendants, and each of them in that they purchased, controlled, dominated, and operated each other without and separate identity, observation of formalities, or other manner of division.

15.     PLAINTIFFS are informed and believe that and thereon allege that all DEFENDANTS including INDIVIDUAL DEFENDANTS, were at all relevant times acting as actual agents, captive agents or brokers, conspirators, ostensible agents, partners, brokers and/or joint ventures, co-tortfeasors and employees of all other Defendants, and that all acts alleged occurred within the course and scope of the agency, employment, partnership, joint venture, conspiracy and/or enterprise, and their co-defendants; however, this allegation is pleaded as an "alternative" theory wherever not doing so would result in contradiction with the other allegations.

16.     Regarding each constitutional violation and tort referenced, PLAINTIFFS allege that the COUNTY is vicariously liable for the actions of INDIVIDUAL DEFENDANTS, which actions were in the scope of employment, because imposition of vicarious liability (1) will deter recuring similar misconduct by incentivizing those in authority to exercise greater vigilance; (2) will ensure more reliable compensation for victims; and (3) will equitably distribute the loss among those who benefit from the COUNTY'S exercise of police power.

17.     All allegations in this Complaint are based on information and belief and/or are

6

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

likely to have evidentiary support after a reasonable opportunity for further discovery. Pursuant to *Code of Civil Procedure* section 340.1, PLAINTIFFS bring this Complaint against DEFENDANTS, and each of them, to recover damages suffered by PLAINTIFFS as a result of childhood sexual abuse and other relief available at law and in equity.

18.    Whenever allegations in this Complaint are contrary or inconsistent, such allegations shall be deemed alternative.

### JURISDICTION AND VENUE

19.    The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court. Accordingly, this Court has jurisdiction over the case at bar.

20.    Venue is proper in Superior Court for the County of Lake because the subject incidents upon which this Complaint is based occurred in Lake County, California within Lake County. Further, Defendant COUNTY exists and operates within the County of Lake.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS BY PLAINTIFFS

21.    At all times material hereto, PLAINTIFF was a minor in the direct custody, care, supervision, and control of DEFENDANTS, inclusive, due to physical confinement at LCJH.

22.    PLAINTIFFS' confinement at LCJH, was court-ordered and mandatory, and the duration and nature of this confinement depended on compliance with the orders, demands, and directives of DEFENDANTS, and each of them.

23.    At all times herein referenced, DEFENDANTS, were in the position of authority, trust, influence, and persuasion over PLAINTIFFS. INDIVIDUAL DEFENDANTS were agents and/or employees of COUNTY and DOES 1-50, who maintained a special relationship with them to assure them reasonable health, safety, and freedom from undue restraint and abuse. INDIVIDUAL DEFENDANTS' abuse of PLAINTIFFS was under the color of authority. Defendant COUNTY is liable for the acts, omissions, and conduct of its employees pursuant to *Government Code* § 815.2.

24.    As set forth herein, DEFENDANTS, and each of them, have failed to uphold numerous mandatory duties imposed upon them by state and federal law, and by written policies

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and procedures applicable to DEFENDANTS, including but not limited to the following:

 a. Duty to reasonable care to protect wards of the state from known or foreseeable dangers (*Government Code* §§ 820, 815.2);

 b. Duty to use reasonable care to protect wards of the state from known or foreseeable dangers (Government Code §§ 820, 815.2);

 c. Duty to refrain from taking official action that contradicts the provisions of Article 1, section 28(c) of California Constitution;

 d. Duty to protect wards, and provide adequate supervision (Government Code § 815.6);

 e. Duty to ensure that any direction given to wards is lawful, and that adults act fairly, responsibly and respectfully towards wards;

 f. Duty to properly train guards, counselors, supervisors, security and staff members so that they are aware of their individual responsibility for creating and maintaining a safe environment;

 g. Duty to supervise staff and wards and enforce rules and regulations prescribed for facilities such as COUNTY and DOES 1-50's facilities, as is reasonably necessary to maintain order, protect property, or protect the health and safety of staff and wards or to maintain proper and appropriate conditions conducive to safe living.

 h. Duty to exercise careful supervision of the moral conditions at a confined resident program;

 i. Duty to properly monitor wards, prevent or correct harmful situations or call for help with the situation is beyond their control;

 j. Duty to ensure that personnel are actually on hand and supervising wards;

 k. Duty to provide enough supervision to wards;

 l. Duty to supervise diligently;

 m. Duty to act promptly and diligently and not ignore or minimize problems;

 n. Duty to refrain from violating PLAINTIFF'S right to protection from bodily

8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

restraint or harm, from personal insult, from defamation, and from injury to their personal relations (*Civil Code* § 43);

o. Duty to abstain from injuring the person or property of PLAINTIFF, or infringing upon any of his rights (*Civil Code* § 1708); and

p. Duty to report suspected incidents of child abuse and, more specifically, childhood sexual abuse (*Penal Code* §§ 11166, 11167);

q. DEFENDANTS and each of them had and have a duty to protect wards, including PLAINTIFF. DEFENDANTS were required, and failed, to provide adequate supervision, and failed to be properly vigilant in seeing that supervision was sufficient to ensure the safety of PLAINTIFF and others.

25. COUNTY lodged with INDIVIDUAL DEFENDANTS, the color of authority, by which they were able to influence, direct, and abuse Plaintiffs and others, and to act illegally, unreasonably, and without respect for the person and safety of Plaintiffs.

26. COUNTY and DOES 1- 50 had a duty to and failed to adequately train and supervise all guards, advisors, counselors, mentors, security and staff to create a positive and safe environment, specifically including training to perceive, report and stop inappropriate conduct by other members of the staff, specifically including DOES 51-100, with children.

27. COUNTY and DOES 1-50 had a duty to and failed to enact and enforce rules and regulations prescribed for facilities such as their school and facilities where wards of the state were confined without the ability to leave on their own free will and where it was necessary to execute reasonable control over wards to protect their health and safety.

28. COUNTY and DOES 1-50 were required to and failed to exercise careful supervision of the moral conditions at their school and facilities and provide reasonable supervision.

29. As minors in custody, the COUNTY and DOES 1-50 as the employers and supervisors of DOES 51-100, knew that they were in direct contact with young children and stood *in loco parentis* regarding PLAINTIFFS while they were confined, having been entrusted to COUNTY and DOES 1-50 for their safety, protection, and well-being, while in reality

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

PLAINTIFFS were thrown into the den of unwanted sexual abuse.

30.    PLAINTIFFS further contend that they was targeted after being isolated and controlled by means of the special relationship between guards and inmates as well as the *in loco parentis* relationship established through juvenile detention. INDIVIDUAL DEFENDANTS, through grooming and isolated confinement of PLAINTIFFS and others similarly situated, exploited their position of trust and authority resulting in the sexual abuse of minors in violation of *Penal Code* §§ 261.5, 243.4(a) and 289.6.

31.    PLAINTIFFS are informed and believes and thereon allege that DEFENDANTS, its employees and/or agents knew or should have known that INDIVIDUAL DEFENDANTS had engaged in unlawful sexual abusive and harassing conduct in the past, and/or was continuing to engage in such conduct. DEFENDANTS had a duty to disclose these facts to PLAINTIFFS and others, but negligently, and/or intentionally suppressed, concealed, and/or failed to disclose this information. The duty to disclose this information arose from the special, trusting, confidential, fiduciary relationship between the DEFENDANTS and PLAINTIFFS.

32.    Based upon information and belief, and alleged thereon, PLAINTIFFS contend there was no formal or informal grievance process relating to the conditions of confinement in which they could make complaints about the sexual abuse and harassment by INDIVIDUAL DEFENDANTS. Moreover, to the extent there was a process, PLAINTIFFS at all times were unaware of the formal process and DEFENDANTS failed to advise PLAINTIFFS of their right to complain about the sexual misconduct without fear and/or threat of retaliation or other forms of deterrence, despite the existence of a mandatory duty to do so. Thus, PLAINTIFFS' and others' grievances fell on deaf ears and were covered up. Further, to the extent there was a process, PLAINTIFFS at all times were coerced and threatened not to report the sexual abuse through physical and verbal acts of intimidation, actual and/or constructive retaliation and/or other forms of deterrence. Due to DEFENDANTS' failure to discharge their mandatory duties, complaints that were made were buried and/or fell on deaf ears and ignored.

33.    PLAINTIFFS are informed and believe and thereon alleges that DEFENDANTS escaped liability and discipline for years based on DEFENDANTS' failure to properly and

10

efficiently investigate the allegations of sexual abuse. Moreover, DEFENDANTS were not disciplined, including termination, due to investigators violating the statute of limitations for investigators of peace officers not taking more than a year to complete their report.

## THE COUNTY'S VICARIOUS LIABILITY FOR ACTS OF ITS EMPLOYEES

34.    PLAINTIFFS are informed and believe and thereon allege that at all times herein described, INDIVIDUAL DEFENDANTS, were agents, employees, and/or servants of COUNTY and acted under the color of authority where the physical and sexual abuse and misconduct took place. Under the doctrine of respondeat superior, COUNTY is vicariously liable for torts committed by INDIVIDUAL DEFENDANTS within the scope of their employment. Under *Government Code* section 815.2, the respondeat superior doctrine applies to public and private employers in private tort litigation.

35.    COUNTY is liable for all acts and/or omissions to act by INDIVIDUAL DEFENDANTS in the scope of employment given INDIVIDUAL DEFENDANTS, as on-duty employees committed these acts and misused their authority by sexually abusing PLAINTIFFS and others, who they had detained in LCJH. (*See* generally *Mary M. v. City of Los Angeles*, (1991) 54 Cal.3rd 202.)

## SPECIFIC ALLEGATIONS FOR PLAINTIFFS

36.    JOHN J.H. DOE:

   a.   At all relevant times, PLAINTIFF was a minor male in the custody of the COUNTY and confined at LCJH, a juvenile detention facility operated and overseen by the COUNTY.

   b.   Between approximately 1998-1999, when PLAINTIFF was twelve-thirteen years old, he was housed at LCJH. While in custody, PLAINTIFF was under the direct supervision and control of COUNTY employees acting under color of law, including a staff member who was a guard on PLAINTIFF'S unit whose identity is unknown to PLAINTIFF at this time but is ascertainable through discovery. PLAINTIFF recalls the assailant's last name may have been "Monifrance."

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

c. On approximately five (5) occasions, the staff member sexually abused PLAINTIFF by isolating him and fondling and groping his genitals. These acts were committed in a custodial setting by an employee of the COUNTY, and for the staff member's own sexual gratification.

d. The staff member used their authority, control over daily assignments, and isolation within the unit to coerce PLAINTIFF into sexual contact. The abuse occurred under the color of law, and PLAINTIFF — a child at the time—had no ability to refuse or report the abuse without fear of punishment or retaliation.

e. PLAINTIFF is informed and believes, and thereon alleges, that prior to and during the period of abuse, the COUNTY OF LAKE knew or should have known that this staff member posed a risk of sexual misconduct to youth in custody.

f. On information and belief, the staff member had previously exhibited red flag behaviors or generated concern among other youth or staff, including spending time alone with minors in staff-only areas, assigning unusual cleaning duties, or violating professional boundaries.

g. Despite this, the COUNTY failed to take reasonable steps to investigate, monitor, supervise, or restrict the staff member's interactions with youth detainees. No safeguards were put in place to prevent this staff member from isolating minors or abusing her position of authority.

h. The COUNTY's failure to supervise staff, enforce protective policies, and respond to early warning signs reflects a broader custom, policy, and practice of deliberate indifference to the safety and dignity of children in its juvenile detention facilities.

i. As a direct proximate result of DEFENDANTS' physical and sexual abuse PLAINTIFF has experienced ongoing and persistent mental, emotional, and psychological problems, including, but not limited to: anxiety; depression;

12

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

feelings of helplessness; insomnia; sexual identity issues; lowered self-esteem; moodiness; difficultly with meaningfully interacting with others and in intimate relationships; loss of trust and control issues with any person in a position of authority; flashbacks, nightmares, and intrusive thoughts; stress; nervousness; fear; embarrassment; shame; and loss of enjoyment of life, among others.

37. JOHN I.H. DOE:

a. At all relevant times, PLAINTIFF was a minor male in the custody of the COUNTY and confined at LCJH, a juvenile detention facility operated and overseen by the COUNTY.

b. In or around the year 2007-2008, when PLAINTIFF was sixteen or seventeen (16-17) years old, he was housed at LCJH. While in custody, PLAINTIFF was under the direct supervision and control of COUNTY employees acting under color of law, including a Caucasian male staff member with a beard who was a guard on PLAINTIFF'S unit whose identity is unknown to PLAINTIFF at this time but is ascertainable through discovery.

c. On approximately three (3) occasions, the staff member sexually abused PLAINTIFF by isolating him and forcing him to engage in oral copulation. These acts were committed in a custodial setting by a female employee of the COUNTY, and for the staff member's own sexual gratification.

d. The staff member used their authority, control over daily assignments, and isolation within the unit to coerce PLAINTIFF into sexual contact. The abuse occurred under the color of law, and PLAINTIFF —only 16-17 years old at the time—had no ability to refuse or report the abuse without fear of punishment or retaliation.

e. PLAINTIFF is informed and believes, and thereon alleges, that prior to and during the period of abuse, the COUNTY OF LAKE knew or should have known that this staff member posed a risk of sexual misconduct to youth in

13

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

custody.

    f. On information and belief, the staff member had previously exhibited red flag behaviors or generated concern among other youth or staff, including spending time alone with minors in staff-only areas, assigning unusual cleaning duties, or violating professional boundaries.

    g. Despite this, the COUNTY failed to take reasonable steps to investigate, monitor, supervise, or restrict the staff member's interactions with youth detainees. No safeguards were put in place to prevent this staff member from isolating minors or abusing her position of authority.

    h. The COUNTY's failure to supervise staff, enforce protective policies, and respond to early warning signs reflects a broader custom, policy, and practice of deliberate indifference to the safety and dignity of children in its juvenile detention facilities.

    i. As a direct proximate result of DEFENDANTS' physical and sexual abuse PLAINTIFF has experienced ongoing and persistent mental, emotional, and psychological problems, including, but not limited to: anxiety; depression; feelings of helplessness; insomnia; sexual identity issues; lowered self-esteem; moodiness; difficultly with meaningfully interacting with others and in intimate relationships; loss of trust and control issues with any person in a position of authority; flashbacks, nightmares, and intrusive thoughts; stress; nervousness; fear; embarrassment; shame; and loss of enjoyment of life, among others.

38. JANE L.W. DOE:

    a. At all relevant times, PLAINTIFF was a minor female in the custody of the COUNTY and confined at LCJH, a juvenile detention facility operated and overseen by the COUNTY.

    b. In or around the year 2002-2003, when PLAINTIFF was fourteen-fifteen (14-15) years old, she was housed at LCJH. While in custody, PLAINTIFF was

14

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

under the direct supervision and control of COUNTY employees acting under color of law, including a staff member who was a guard on PLAINTIFF'S unit whose identity is unknown to PLAINTIFF at this time but is ascertainable through discovery.

c. In 2002 on one occasion in the transport/booking room, the staff member sexually abused PLAINTIFF by isolating her and proceeding to fondle and grope her buttocks and genitals. These acts were committed in a custodial setting by an employee of the COUNTY, and for the staff member's own sexual gratification.

d. The staff member used their authority, control over daily assignments, and isolation within the unit to coerce PLAINTIFF into sexual contact. The abuse occurred under the color of law, and PLAINTIFF —only 16-17 years old at the time—had no ability to refuse or report the abuse without fear of punishment or retaliation.

e. PLAINTIFF is informed and believes, and thereon alleges, that prior to and during the period of abuse, the COUNTY OF LAKE knew or should have known that this staff member posed a risk of sexual misconduct to youth in custody.

f. On information and belief, the staff member had previously exhibited red flag behaviors or generated concern among other youth or staff, including spending time alone with minors in staff-only areas, assigning unusual cleaning duties, or violating professional boundaries.

g. Despite this, the COUNTY failed to take reasonable steps to investigate, monitor, supervise, or restrict the staff member's interactions with youth detainees. No safeguards were put in place to prevent this staff member from isolating minors or abusing her position of authority.

h. The COUNTY's failure to supervise staff, enforce protective policies, and respond to early warning signs reflects a broader custom, policy, and practice

15

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

of deliberate indifference to the safety and dignity of children in its juvenile detention facilities.

 i. As a direct proximate result of DEFENDANTS' physical and sexual abuse PLAINTIFF has experienced ongoing and persistent mental, emotional, and psychological problems, including, but not limited to: anxiety; depression; feelings of helplessness; insomnia; sexual identity issues; lowered self-esteem; moodiness; difficultly with meaningfully interacting with others and in intimate relationships; loss of trust and control issues with any person in a position of authority; flashbacks, nightmares, and intrusive thoughts; stress; nervousness; fear; embarrassment; shame; and loss of enjoyment of life, among others.

39. Such sexual conduct was done for INDIVIDUAL DEFENDANTS' own sexual gratification and perversion, and performed on and without PLAINTIFF'S consent, as PLAINTIFF was a minor, and thus was unable to give valid, legal consent to such predatory acts.

40. DEFENDANTS and agents and/or employees failed to take reasonable steps and implement reasonable safeguards to avoid acts of unlawful sexual conduct, including preventing abuse of PLAINTIFFS by ABUSERS and DOES 51-100, avoiding placement of the INDIVIDUAL DEFENDANTS in a function or environment in which direct contact with, and complete control of, minors is an inherent part of that function or environment. Instead, DEFENDANTS ignored and concealed the sexual abuse, and sexual harassment, of PLAINTIFFS and others. DEFENDANTS and agents and/or employees failed to properly supervise INDIVIDUAL DEFENDANTS at LCJH and other juvenile probation facilities, which led to many minors, including PLAINTIFFS, being repeatedly sexually abused, molested, and harassed.

41. DEFENDANTS and agents and/or employees failed to take reasonable steps and implement reasonable safeguards to prevent acts of sexual conduct by INDIVIDUAL DEFENDANTS, including, but not limited to, permitting a "safe haven environment" in which INDIVIDUAL DEFENDANTS were given opportunities and locals to isolate, control, and directly contact minors for their own sexual gratification without supervision or monitoring.

16

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

42.     Had DEFENDANTS and agents and/or employees properly supervised and controlled the environment, instead of ignoring and concealing the sexual abuse, molestation, and harassment, PLAINTIFFS contend that the abuse would have been avoided and/or detected thereby preventing the INDIVIDUAL DEFENDANTS from sexual assaulting minors for their own sexual gratification.

43.     The improper handling of sexual abuse, molestation, and harassment as alleged was the proximate cause of PLAINTIFFS' injuries due to a systemic issue within DEFENDANTS' patterns and practices of failing to provide adequate protection to the minors in their care and mishandling abuse allegations.

44.     In subjecting PLAINTIFFS to sexual abuse and harassment, DEFENDANTS and agents and/or employees acted willfully and maliciously with the intent to harm PLAINTIFF, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malice and/or oppression under *Civil Code* § 3294.

45.     PLAINTIFFS are informed and believe and thereon alleges that specifically, the DEFENDANTS and agents and/or employees acted in concert, and under their authority as a correctional and rehabilitative residential center within the COUNTY'S juvenile justice system, with reckless disregard for the concern of the minors in its charge. DEFENDANTS and agents and/or employees acted intentionally in creating an environment that harbored molesters, placed their vulnerable minor residents at inherent and devastating risk of harm in order to maintain a façade of normalcy and to maintain the funding of the COUNTY and DOES 1-50.

46.     The safety of the children entrusted to and confined at LCJH was devastatingly compromised due to DEFENDANTS' and agents and/or employees' desire to maintain the status quo and circumvent any public scrutiny for their misconduct. These willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers, directors, and/or managing agents of the DEFENDANTS and agents and/or employees, thereby entitling them to punitive damages against only INDIVIDUAL DEFENDANTS, et al. according to proof.

47.     DEFENDANTS' and agents and/or employees' acts and/or omissions to acts in the commission of the sexual abuse was done by agents and/or employees who prevented and/or

17

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

deterred the minor victim from coming forward through threats of intimidation and violence, and therefore COUNTY and DOES 1-50 are directly responsible for covering up the egregious abuse alleged herein.

## FIRST CAUSE OF ACTION

### SEXUAL ASSAULT

### (Against All Individual Defendants)

48.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained above and below as though fully set forth and brought in this cause of action.

49.    INDIVIDUAL DEFENDANTS in committing the acts herein alleged, intended to subject PLAINTIFFS to sexual abuse and molestation while PLAINTIFF and others were confined to LCJH all while they acted in the course and scope of their agency/employment.

50.    In so doing, they intended to cause harmful or offensive contact with PLAINTIFFS' person, and/or intended to put PLAINTIFFS in imminent apprehension of such contact.

51.    INDIVIDUAL DEFENDANTS placed PLAINTIFFS in imminent apprehension of harmful or offensive contact, and PLAINTIFFS actually and reasonably believed that INDIVIDUAL DEFENDANTS had the ability to make harmful or offensive contact with PLAINTIFFS' person.

52.    PLAINTIFF was a minor who did not consent to INDIVIDUAL DEFENDANTS' intended harmful or offensive contact with PLAINTIFF'S person, or to their intent to place PLAINTIFFS in imminent apprehension of such contact.

53.    In committing the acts herein alleged, INDIVIDUAL DEFENDANTS violated PLAINTIFFS' rights, pursuant to *Civil Code* § 43, of protection from bodily restraint or harm, and from personal insult.

54.    In committing the acts herein alleged, INDIVIDUAL DEFENDANTS violated and breached their duty, pursuant to *Civil Code* § 1708, to abstain from injuring PLAINTIFFS' person or infringing upon PLAINTIFFS' rights.

55.    As a direct and proximate result of the conduct of INDIVIDUAL DEFENDANTS,

18

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

individually, jointly, and/or severally, PLAINTIFFS sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future. The injuries suffered by PLAINTIFFS are substantial, continuing and permanent. PLAINTIFFS are entitled to damages in an amount to be determined by proof at trial.

56.    INDIVIDUAL DEFENDANTS' acts also constitute conduct intended by them to cause injury to PLAINTIFFS and despicable, malicious, and/or oppressive conduct that is carried on with willful and conscious disregard for the rights and safety of others in direct violation of *Civil Code* section 3294, subdivision (a). PLAINTIFFS are therefore entitled to punitive damages against only INDIVIDUAL DEFENDANTS, et al. in an amount to be determined by proof at trial.

**SECOND CAUSE OF ACTION**

**SEXUAL BATTERY (CIVIL CODE § 1708.5)**

**(Against All Individual Defendants)**

57.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained above and below as though fully set forth and brought in this cause of action.

58.    At all times herein referenced, INDIVIDUAL DEFENDANTS were employees of the COUNTY, during which time INDIVIDUAL DEFENDANTS were acting within the scope of their agency and employment.

59.    During PLAINTIFFS' confinement at LCJH, INDIVIDUAL DEFENDANTS intentionally, recklessly, and wantonly did acts which were intended to, and did, result in harmful and offensive contact with intimate parts of the PLAINTIFFS' person, during PLAINTIFFS' time at LCJH while they acted in the course and scope of their agency or employment with COUNTY and DOES 1-50 in violation of *Penal Code* §§ 243.4(a) and 289.6.

60.    Further, PLAINTIFFS did not consent (nor could they consent) to the harmful contact with his person.

61.    As a result of INDIVIDUAL DEFENDANTS complete control over

19

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

PLAINTIFFS, by color of authority, PLAINTIFFS' physical confinement and detention, the PLAINTIFFS' vulnerability, the PLAINTIFFS' mental and emotional state, and the PLAINTIFFS' young age, PLAINTIFFS did not, and could not, give meaningful consent to such acts. INDIVIDUAL DEFENDANTS breached their duty to PLAINTIFFS.

62.    As a direct and proximate result of the conduct of INDIVIDUAL DEFENDANTS, individually, jointly, and severally, PLAINTIFFS sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future. The injuries suffered by PLAINTIFFS are substantial, continuing and permanent. PLAINTIFFS are entitled to damages in an amount to be determined by proof at trial.

63.    INDIVIDUAL DEFENDANTS' acts also constitute conduct intended by them to cause injury to PLAINTIFFS and despicable, malicious, and oppressive conduct that is carried on with willful and conscious disregard for the rights and safety of others in direct violation of *Civil Code* section 3294, subdivision (a). PLAINTIFFS are therefore entitled to punitive damages against only INDIVIDUAL DEFENDANTS, et al., in an amount to be determined by proof at trial.

## THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Individual Defendants)

64.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained above and below as though fully set forth and brought in this cause of action.

65.    At the time of the incidents described above, INDIVIDUAL DEFENDANTS' conduct as alleged herein was beyond the bounds of decency accepted within society and was intentional, outrageous, malicious, and committed for the purpose of causing PLAINTIFFS to suffer humiliation, embarrassment, mental anguish, and/or severe physical and/or emotional distress, or done in reckless disregard of the probability of causing PLAINTIFFS to suffer humiliation, embarrassment, mental anguish, and/or severe physical and/or emotional distress.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

66.    Each of the INDIVIDUAL DEFENDANTS were in a position of authority, trust, influence, and persuasion over PLAINTIFFS and responsible for maintaining a special relationship.

67.    INDIVIDUAL DEFENDANTS' abuse of PLAINTIFFS was an abuse of their authority as an agent and/or employee of COUNTY and performed while in the course and scope of their employment under color of law.

68.    PLAINTIFFS' trust in INDIVIDUAL DEFENDANTS for their safety and wellbeing, turned to fear and intimidation by virtue of DEFENDANTS' and agents and/or employees' wrongful conduct.

69.    PLAINTIFFS contend said misconduct was authorized, ratified, adopted and/or approved of by DEFENDANTS.

70.    INDIVIDUAL DEFENDANTS' conduct as alleged herein was beyond the bounds of decency accepted within society and was intentional, outrageous, malicious, and committed for the purpose of causing PLAINTIFFS to suffer humiliation, embarrassment, mental anguish, and/or severe physical and/or emotional distress, or done in reckless disregard of the probability of causing PLAINTIFFS to suffer humiliation, embarrassment, mental anguish, and/or severe physical and/or emotional distress. INDIVIDUAL DEFENDANTS breached their duty to PLAINTIFFS.

71.    As a direct and proximate result of the conduct of INDIVIDUAL DEFENDANTS, PLAINTIFFS sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future. The injuries suffered by PLAINTIFFS are substantial, continuing and permanent. PLAINTIFFS are entitled to damages in an amount to be determined by proof at trial.

72.    INDIVIDUAL DEFENDANTS' conduct described herein was intentional and malicious and done for the purpose of causing, or with substantial certainty, that such conduct would cause PLAINTIFFS to suffer humiliation, mental anguish, and emotional and physical distress.

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

73.    INDIVIDUAL DEFENDANTS acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, so as to constitute malicious and/or oppression under *Civil Code* section 3294 thereby entitling them to punitive damages against only INDIVIDUAL DEFENDANTS, et al. according to proof.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CIVIL CODE § 52.1

### (Against All Individual Defendants)

74.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained above and below as though fully set forth and brought in this cause of action.

75.    PLAINTIFFS alleges that at all times mentioned herein, the conduct of DEFENDANTS and agents and/or employees constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by PLAINTIFFS of rights secured by the Constitution of law of the United States, or secured by the Constitution or laws of the State of California, including interference with their right to be secure in their person and free from unreasonable and unlawful search and seizure under the Fourth Amendment and Cal. Const. Art. I sec. 13 as well as Cal. Civil Code § 43, and the right of protection from bodily restraint and improper touching.

76.    PLAINTIFFS also contend that DEFENDANTS' and agents and/or employees' actions, as alleged herein, interfered with PLAINTIFFS' right to free speech, freedom from discrimination on the basis of race and sex, and freedom from cruel and unusual punishment as afforded by the United States and California Constitutions through violence, threats of violence, intimidation, and/or coercion.

77.    DEFENDANTS' actions and willful omissions, and those of their agents and/or employees as alleged herein, interfered with and will continue to interfere with PLAINTIFFS' constitutional rights to receive an immediate response to their reports of sexual assault, molestation, and harassment by DEFENDANTS and their agents and/or employees.

78.    DEFENDANTS and agents and/or employees oppressive and unlawful conduct in ignoring, concealing, threatening, intimidating, retaliating against, and ultimately suppressing

22

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

PLAINTIFFS' complaints of being sexually abused further violated PLAINTIFFS' constitutional protections under protections under California and the United States.

79.    DEFENDANTS and agents and/or employees, knowingly, with gross negligence, and deliberate indifference to the state Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter, including violation of PLAINTIFFS' Fourth and Fourteenth Amendments to be free from unlawful sexual abuse.

80.    PLAINTIFFS contend that DEFENDANTS and agents and/or employees failed to adhere to their own policies and procedures and/or failed to have any in the first place to prevent this harm, including, but not limited to, the deliberate indifferent training of its officers and/or employees in conducting, training, monitoring and supervising unlawful violations of professional misconduct by way of color of authority such as:

    a. Physical assault and abuse of inmates by officers, supervisors, and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees that were subsequently poorly investigated and/or covered up by DEFENDANTS and agents and/or employees.

    b. Intentional violation of DEFENDANTS' and agents and/or employees' supervision policies and procedures by officers, supervisors, and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees in order to avoid evidencing improper assault and abuse on citizens by DEFENDANTS and agents and/or employees.

    c. Sexual harassment, extortion, and intimidation by officers, supervisors, and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees.

    d. Abuse and assault against minors, minorities, and citizens with disabilities by officers, supervisors, and/or other higher-ranking officers with final policymaking authority for DEFENDANTS and agents and/or employees as part of an accepted practice that were subsequently poorly investigated and/or

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

covered up by DEFENDANTS and agents and/or employees to avoid legal consequences.

    e.   Sexual abuse and assault against inmates in custody by officers, supervisors, and/or other higher-ranking officers with policymaking authority for DEFENDANTS and agents and/or employees as defined as cruel and unusual punishment deeply offensive to human dignity and not part of the penalty that criminal offenders pay for their offenses against society.

    f.   Failure to report or investigate allegations of sexual misconduct by COUNTY who was required to do so, both under its own policies and procedures, as well as under federal mandate by the Fourteenth Amendment and California law.

81.    As a direct cause of DEFENDANTS and agents and/or employees' wrongful conduct intended to and actually interfered with PLAINTIFFS' Constitutional Rights to be free from (a) gender discrimination, (b) free speech, (c) cruel and unusual punishment, and (d) Due Process.

82.    PLAINTIFFS' rights pursuant to California *Civil Code* § 52.1 were violated, causing injuries and damages in an amount to be proved at the time of trial.

83.    Due to the conduct of DEFENDANTS and agents and/or employees, and each of them, PLAINTIFFS have been required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to California *Civil Code* § 52.1 are entitled to recovery of said fees.

84.    In addition, DEFENDANTS and agents and/or employees acted willfully and maliciously with the intent to harm PLAINTIFFS, and in conscious disregard of PLAINTIFFS' rights, entitling PLAINTIFFS to punitive and/or exemplary damages against only INDIVIDUAL DEFENDANTS, et al., attorneys' fees, other damages pursuant to California *Civil Code* § 52(b)(1), and temporary restraining order or a preliminary or permanent injunction ordering DEFENDANTS and agents and/or employees to refrain from conduct or activities as alleged herein, stating "VIOLATION OF THIS ORDER IS A CRIME PUNISHABLE UNDER SECTION 422.77 OF THE PENAL CODE," and other such relief as the Court deems proper.

### FIFTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## NEGLIGENCE

### (Against All Defendants)

85.    PLAINTIFFS re-allege and incorporates by reference herein each and every allegation contained above and below as though fully set forth and brought in this cause of action.

86.    This cause of action is brought pursuant to Government Code § 815.6, which imposes liability on public entities for injuries proximately caused by their failure to discharge mandatory duties imposed by enactment. DEFENDANTS owed PLAINTIFFS such mandatory duties under Welfare and Institutions Code §§ 209, 210, 850–852, the California Penal Code §§ 11164–11166 (the Child Abuse and Neglect Reporting Act), and California Code of Regulations, Title 15, including but not limited to §§ 1320–1324, 1350–1354, 1361–1362, 1430–1432, 1453, and 1510. These duties were specifically intended to protect detained minors from the risk of sexual abuse, neglect, and harm.

87.    DEFENDANTS and agents and/or employees, and each of them, had a duty through their special relationship with PLAINTIFFS to protect them from being sexually abused under the color of authority by COUNTY employees and/or agents in the course and scope of their agency. DEFENDANTS and agents and/or employees owed PLAINTIFFS a special fiduciary relationship that law enforcement and/or persons in a position of authority dealing with vulnerable minors committed to their custody, owe to protect them from harm. The foregoing statutory duties establish a mandatory duty of care within the meaning of Government Code § 815.6. DEFENDANTS also owed PLAINTIFFS duties arising from their special relationship, which supplements, but does not replace, the mandatory statutory duties described herein.

88.    At all times prior to, during and subsequently, DEFENDANTS and agents and/or employees knew and/or should have known that INDIVIDUAL DEFENDANTS were planning, conspiring and/or committing sexual abuse on PLAINTIFFS and others who had been entrusted to them and instructed to provide for their safety, care, and welfare.

89.    DEFENDANTS and agents and/or employees, and each of them, further hid the conduct from PLAINTIFFS, his guardians and parents, the public and other law enforcement agencies as part of a systematic scheme of fraud and concealment to prevent others from learning

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

the truth of the ongoing and pervasive sexual abuse occurring within the confined walls of LCJH with defenseless minors.

90.     PLAINTIFFS allege that DEFENDANTS, including their agents and employees, breached mandatory duties to investigate and act upon all reports and indications of sexual abuse. DEFENDANTS further failed to provide a safe and secure environment in which PLAINTIFFS could report such abuse without threats, intimidation, violence, or retaliation—despite having a duty to protect them from harm by those charged with their care and supervision.

91.     At all times relevant herein, under California Welfare and Institutions Code § 850, each county's board of supervisors had a mandatory duty to provide and maintain a "suitable house" or facility for the detention of wards and dependent children of the juvenile court. Such a facility was expressly not to be deemed or treated as a penal institution. Welfare and Institutions Code § 851 further required that any juvenile hall "shall be a safe and supportive homelike environment."

92.     DEFENDANTS, including their agents and employees, breached these mandatory statutory duties and at all times relevant herein failed to provide a "suitable house" and to ensure a "safe and supportive homelike environment" as required by law, instead exposing PLAINTIFFS and others, and each of them, to a safe haven for sexual abuse where predators were allowed to openly prey upon defenseless children who were to have been provided with a safe environment that promoted their rehabilitation.

93.     DEFENDANTS breached mandatory duties under Title 15, § 1324, which required maintaining and updating a written policy and procedures manual covering all applicable regulations, including procedures prohibiting sexual abuse and retaliation. DEFENDANTS failed to implement and/or meaningfully enforce such policies, creating conditions where rampant childhood sexual abuse could occur and remain concealed.

94.     DEFENDANTS violated mandatory duties under Title 15, § 1350, which required written intake and admission procedures that included screening for health, behavioral, and safety risks. DEFENDANTS failed to conduct adequate intake screenings, failing to identify or address risks of sexual victimization or aggression.

26

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

95.    PLAINTIFFS further alleges that DEFENDANTS, including their agents and employees, breached mandatory duties imposed by Welfare and Institutions Code § 209, which required annual inspections of juvenile facilities by the juvenile court and biennial inspections by the Board of Corrections. DEFENDANTS failed to ensure or conduct such inspections, failed to remedy cited deficiencies, and allowed unsafe and unmonitored conditions to persist.

96.    PLAINTIFFS allege that DEFENDANTS, and each of them, violated mandatory duties under Welfare and Institutions Code § 852 by failing to ensure that juvenile halls remained under the management and control of the probation officer in compliance with state law. DEFENDANTS failed to supervise staff adequately, permitted unqualified or untrained individuals to exercise control over minors, and failed to maintain necessary operational oversight.

97.    PLAINTIFFS further allege that DEFENDANTS violated mandatory intake procedures required by California Code of Regulations, Title 15, § 1350, by failing to conduct required health and developmental screenings, failing to provide secure property storage, and failing to offer prompt communication opportunities to family or counsel. These omissions foreseeably exposed PLAINTIFFS to harm, neglect, and abuse.

98.    PLAINTIFFS allege that DEFENDANTS breached mandatory duties under California Code of Regulations, Title 15, § 1320, which required appointment of a qualified superintendent and properly screened, trained, and cleared staff. DEFENDANTS knowingly or negligently employed staff without required background checks, medical clearances, or training in child supervision and safety, thereby creating an unreasonable risk of harm to PLAINTIFFS.

99.    PLAINTIFFS allege that DEFENDANTS violated mandatory duties under Welfare and Institutions Code § 210 by failing to implement and maintain operational standards consistent with those set forth by the Board of Corrections for juvenile halls. DEFENDANTS failed to adhere to minimum standards for staffing, safety, programming, health care, sanitation, and capacity limits, thereby endangering the well-being of PLAINTIFFS and others and exposing them to a sexual assault safe haven where predation thrived and resistance to such egregious conduct was punished and silenced.

27

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

100. DEFENDANTS further breached their statutory duties by failing to establish, implement, and enforce operational policies and procedures necessary to ensure that all mandated reporters employed in their facilities would timely report known or reasonably suspected child abuse as required by Penal Code §§ 11164–11166. These omissions violated DEFENDANTS' obligations to operate juvenile detention facilities in compliance with the Child Abuse and Neglect Reporting Act and created conditions in which abuse could occur and continue without detection or intervention.

101. At all times alleged herein, DEFENDANTS and agents and/or employees had a mandated reporting duty imposed by California Penal Code § 11166 to report child abuse whenever they "ha[ve] knowledge of or observe a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect." DEFENDANTS and agents and/or employees, while in the course and scope of their employment were mandated reporters as probation officers, parole officers, employees of county probation departments, employees or administrators of residential care facilities, including juvenile detention, custodial officers and/or youth correctional officers working in juvenile facilities within the meaning of the Child Abuse and Neglect Reporting Act (CANRA), which is contained within California Penal Code §§ 11164, 11165, 11166.

102. By failing to report the continuing harassment and abuse, which DEFENDANTS and each of them knew or should have known, and by ignoring the fulfillment of the mandated compliance with the reporting requirements provided under California Penal Code § 11166, DEFENDANTS and agents and/or employees created the risk and danger contemplated by the Child Abuse and Neglect Reporting Act, and as a result, unreasonably and wrongfully exposed PLAINTIFFS and other minors to sexual harassment and abuse.

103. PLAINTIFFS were a member of the class of persons for whose protection California Penal Code § 11166 was specifically adopted to protect.

104. Had DEFENDANTS and agents and/or employees adequately reported the abuse and harassment of PLAINTIFFS and other minors as required by California Penal Code § 11166, further harm to PLAINTIFFS and other minors would have been avoided.

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

105.    As a direct and proximate result of DEFENDANTS' and agents and/or employees' failure to follow the mandatory reporting requirements of California Penal Code § 11166, DEFENDANTS and agents and/or employees wrongfully denied PLAINTIFFS and other minors, the intervention of child protection services. Such public agencies would have changed the then-existing arrangements and conditions that provided the access and opportunities for the abuse and sexual harassment of PLAINTIFFS by INDIVIDUAL DEFENDANTS.

106.    DEFENDANTS' breaches of these mandatory statutory duties, both individually and collectively, constitute violations of duties imposed by enactment within the meaning of Government Code § 815.6, proximately causing the injuries and damages described herein.

107.    The physical, mental, and emotional damages and injuries resulting from the sexual abuse and harassment of PLAINTIFFS by INDIVIDUAL DEFENDANTS, was the type of occurrence and injuries that the Child Abuse and Neglect Reporting Act was designed to prevent.

108.    As a result, DEFENDANTS and agents and/or employees failure to comply with the mandatory reporting requirements of California Penal Code § 11166 also constituted a per se breach of DEFENDANTS' and agents and/or employees' duties to PLAINTIFFS.

109.    DEFENDANTS individually, jointly, and/or severally, and agents and/or employees breached their duty of care to PLAINTIFFS which was the direct and proximate cause of PLAINTIFFS sustaining severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent. PLAINTIFFS are entitled to damages in an amount to be determined by proof at trial.

110.    DEFENDANTS and agents and/or employees' acts also constitute conduct intended by them to cause injury to PLAINTIFFS and despicable, malicious, and/or oppressive conduct that is carried on with willful and conscious disregard for the rights and safety of others in direct violation of *Civil Code* section 3294, subdivision (a). PLAINTIFFS are therefore entitled to punitive damages against only INDIVIDUAL DEFENDANTS, et al., in an amount to be

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

determined by proof at trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

#### (Against All Defendants)

111.   PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained above as though fully set forth and brought in this cause of action.

112.   This cause of action is brought pursuant to Government Code § 815.6, which imposes liability on public entities for injuries proximately caused by their failure to discharge mandatory duties imposed by enactment. DEFENDANTS owed PLAINTIFFS mandatory duties under Welfare and Institutions Code § 210 and California Code of Regulations, Title 15, including but not limited to §§ 1320–1324, which established requirements for the selection, background investigation, training, supervision, and retention of qualified staff in juvenile detention facilities. DEFENDANTS also had duties under the Child Abuse and Neglect Reporting Act, Penal Code §§ 11164–11166, to train staff regarding their obligations to report known or suspected abuse.

113.   For clarity, this cause of action asserts two related but distinct theories: (a) failure to screen, hire, and retain qualified and suitable staff as required by law; and (b) failure to train and supervise staff regarding their mandatory obligations to protect and report abuse of minors.

114.   PLAINTIFFS allege that at all times mentioned herein, the INDIVIDUAL DEFENDANTS were agents and employees of COUNTY and performed the acts herein while in the course and scope of their agency and employment at the time of subject sexual abuse. Moreover, PLAINTIFFS contend that said misconduct was authorized, ratified, adopted, and/or approved by DEFENDANTS and agents and/or employees.

115.   PLAINTIFFS also contend that COUNTY is vicariously liable for the tortious sexual acts of other DEFENDANTS and agents and/or employees, and each of them, flowing from their employment with DEFENDANTS and agents and/or employees while acting in the course and scope of their employment as it: (1) may deter recuring similar misconduct by incentivizing those in authority to exercise greater vigilance; (2) may ensure more reliable compensation for victims; and (3) may equitably distribute the loss among those who benefit from

30

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

the County's exercise of police power.

116.    At all times relevant herein, DEFENDANTS, and each of them, had a mandatory duty under California Welfare and Institutions Code § 210 to operate and maintain juvenile detention facilities in accordance with minimum standards adopted by the Board of Corrections. These regulations, codified in Title 15 of the California Code of Regulations, imposed binding requirements on DEFENDANTS to ensure the safety, health, and welfare of detained minors, including specific duties to prevent, detect, respond to, and report sexual abuse.

117.    DEFENDANTS, and each of them, breached mandatory duties imposed by California Code of Regulations, Title 15, § 1320, which required the appointment of qualified staff with appropriate health clearance and background checks. DEFENDANTS failed to ensure staff were adequately screened and qualified, thereby enabling unfit individuals to supervise and abuse detained youth.

118.    DEFENDANTS, and each of them, violated mandatory duties under Title 15, § 1322, which required employing only personnel meeting minimum standards set by law and the Board of Corrections, including suitability for work with minors. DEFENDANTS hired, retained, or assigned unqualified or unvetted staff who posed a foreseeable risk of sexual abuse.

119.    DEFENDANTS breached mandatory duties under Title 15, § 1323, which required a written staff development and training plan providing for pre-service orientation and annual in-service training. DEFENDANTS failed to adopt, implement, or enforce such a plan, resulting in staff untrained in abuse prevention, supervision, trauma-informed care, and mandatory reporting.

120.    DEFENDANTS violated mandatory duties under Title 15, § 1321, which required maintaining sufficient on-duty staff at all times to ensure youth safety, including minimum staffing ratios and continuous supervision. DEFENDANTS failed to ensure adequate staffing levels, enabling opportunities for sexual assault by staff and other residents.

121.    DEFENDANTS breached mandatory duties under Title 15, § 1352, which required classifying minors based on safety factors such as age, maturity, and behavior. DEFENDANTS failed to implement or enforce classification procedures to separate vulnerable

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

youth from aggressive or sexually predatory residents.

122. DEFENDANTS violated mandatory duties under Title 15, § 1353, which required informing youth, upon orientation, of their rights, including the facility's prohibition on sexual abuse and procedures for reporting it without retaliation. DEFENDANTS failed to adequately inform or protect PLAINTIFFS and others, depriving them of the ability to safely report abuse.

123. DEFENDANTS breached mandatory duties under Title 15, § 1354, which required separating youth when necessary to protect them from assault or intimidation. DEFENDANTS failed to separate aggressive or abusive residents and/or staff from vulnerable youth, enabling repeated acts of childhood sexual abuse.

124. DEFENDANTS violated mandatory duties under Title 15, § 1430, which required immediate health screening upon intake to identify medical, mental, or behavioral conditions posing safety risks. DEFENDANTS failed to conduct meaningful screenings that would have revealed vulnerability to sexual victimization or prior abuse history.

125. DEFENDANTS breached mandatory duties under Title 15, § 1432, which required a comprehensive health assessment within 96 hours, including screening for recent trauma or sexual abuse. DEFENDANTS failed to identify or respond to evidence of prior and/or ongoing sexual abuse suffered by PLAINTIFFS.

126. The agents and/or employees of DEFENDANTS have a special relationship with PLAINTIFFS, which imposes upon them an affirmative duty to take reasonable steps to protect them from reasonably foreseeable risks of harm.

127. INDIVIDUAL DEFENDANTS were in a position of authority, trust, influence, and persuasion over PLAINTIFFS and others as employees and/or agents of COUNTY, responsible for maintaining the special relationship with the general public, including PLAINTIFFS.

128. Title 15, §§ 1322 and 1323, required DEFENDANTS to maintain and implement a written staff development and training plan addressing all duties imposed by law, including training in the recognition, prevention, and mandatory reporting of child abuse and neglect. DEFENDANTS breached these duties by failing to train employees to understand or comply with

32

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

their statutory obligations under Penal Code §§ 11164–11166, foreseeably enabling the concealment of ongoing abuse.

129.    INDIVIDUAL DEFENDANTS' sexual abuse of PLAINTIFFS was an abuse of their authority as an agent and/or employee of COUNTY and DOES 1-50.

130.    The agents and/or employees of DEFENDANTS failed to use reasonable care in hiring and supervising their employees and/or agents who had actual and constructive knowledge and/or notice that the manner and means of hiring, training, supervising and retaining agents and/or employees created a dangerous environment for the general public, including PLAINTIFFS, and INDIVIDUAL DEFENDANTS' acts and propensity to commit such acts. Nonetheless, COUNTY and DOES 1-50's agents and/or employees took no remedial steps to protect the public, including PLAINTIFFS.

131.    DEFENDANTS deliberately disregarded their mandatory duties under Title 15, §§ 1322 and 1323, by hiring, retaining, and deploying unqualified and untrained staff in positions of authority over children. DEFENDANTS' systemic failure to implement required staff screening and training procedures created an environment where staff were unprepared or unwilling to recognize, prevent, or report sexual abuse, thereby directly contributing to the harm suffered by PLAINTIFFS.

132.    At all times relevant herein, DEFENDANTS and agents and/or employees had a mandated reporting duty imposed by California Penal Code § 11166 to report child abuse whenever they "ha[ve] knowledge of or observe a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect." DEFENDANTS and agents and/or employees, while in the course and scope of their employment were mandated reporters as probation officers, parole officers, employees of county probation departments, employees or administrators of residential care facilities, including juvenile detention, custodial officers and/or youth correctional officers working in juvenile facilities within the meaning of the Child Abuse and Neglect Reporting Act (CANRA), which is contained within California Penal Code §§ 11164, 11165, 11166.

133.    DEFENDANTS' and agents and/or employees' mandated duties owed to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

PLAINTIFFS pursuant to California Penal Code §§ 11164, 11165, 11166 included contacting law enforcement, the California Department of Social Services, and/or other appropriate administrative agencies to report suspected child abuse pursuant to the Child Abuse and Neglect Reporting Act.

134. Despite receiving this notice and/or witnessing firsthand INDIVIDUAL DEFENDANTS proclivity to engage in the sexually abusive behavior against PLAINTIFFS and others at LCJH, DEFENDANTS and/or agents and employees failed to perform their mandatory duties by failing to train the agents and/or employees of DEFENDANTS of their mandated duty to contact law enforcement, the California Department of Social Services, or any other administrative agency as was mandated pursuant to the Child Abuse and Neglect Reporting Act.

135. The agents and/or employees of DEFENDANTS knew or should have known that employment practices which failed to screen or investigate agents and/or employees with propensity to commit sexual abuse, or improper touching would create a dangerous environment for PLAINTIFFS.

136. The agents and/or employees of COUNTY and DOES 1-50 knew or should have known about INDIVIDUAL DEFENDANTS' and DOES 51-100's sexual abuse and improper touching of persons such as PLAINTIFFS and others. Despite such knowledge, DEFENDANTS' agents and/or employees ignored and failed to investigate or remedy INDIVIDUAL DEFENDANTS' and DOES 51-100's conduct in any way, thereby placing the community at risk of harm, including PLAINTIFFS.

137. DEFENDANTS' breaches of these mandatory duties, including those imposed by Welfare and Institutions Code § 210, Title 15 of the California Code of Regulations, and Penal Code §§ 11164–11166, constitute violations of duties imposed by enactment within the meaning of Government Code § 815.6.

138. Despite such knowledge, DEFENDANTS negligently hired, retained, and supervised, and failed to properly train INDIVIDUAL DEFENDANTS and DOES 51-100, failing to exercise reasonable care in preventing foreseeable harm to PLAINTIFFS and others.

139. The agents and/or employees of COUNTY and DOES 1-50 owed PLAINTIFFS a

34

duty to protect them from unlawful sexual abuse and touching. COUNTY and DOES 1-50's agents and/or employees knew or should have known that failure to properly supervise their personnel and investigate their conduct, would subject persons, including PLAINTIFFS, to an unreasonable risk of being unlawfully sexually abused and touched. DEFENDANTS breached their duty of care to PLAINTIFFS.

140.    As a direct and proximate result of negligent hiring and/or supervision of COUNTY and DOES 1-50's agents and/or employees, PLAINTIFFS sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent. PLAINTIFFS are entitled to damages in an amount to be determined by proof at trial.

### SEVENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

#### (Against All Defendants)

141.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained above as though fully set forth and brought in this cause of action.

142.    The agents and/or employees of DEFENDANTS have, with their citizens, a special relationship, which imposes upon them an affirmative duty to take reasonable steps to protect their citizens from reasonably foreseeable risks of harm.

143.    PLAINTIFFS allege that at all times mentioned herein, INDIVIDUAL DEFENDANTS and DOES 51-100 were agents and/or employees of COUNTY and DOES 1-50, inclusively, and that INDIVIDUAL DEFENDANTS and DOES 51-100 performed the acts herein while in the course and scope of their agency and employment at the time of the subject incident.

144.    Moreover, PLAINTIFFS contend said misconduct was authorized, ratified, adopted, and/or approved by DEFENDANTS and agents and/or employees, and that liability flows from their employment with COUNTY and DOES 1-50 while acting in the course and scope of employment as it (1) may deter recuring similar misconduct by incentivizing those in

35

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

authority to exercise greater vigilance; (2) may ensure more reliable compensation for victims; and (3) may equitably distribute the loss among those who benefit from the County's exercise of police power.

145.    INDIVIDUAL DEFENDANTS and DOES 51-100 were in a position of authority, trust, influence, and persuasion over PLAINTIFFS, INDIVIDUAL DEFENDANTS and DOES 51-100 were an agent and/or employee of COUNTY and DOES 1-50, responsible for maintaining the special relationship with the community, including PLAINTIFFS.

146.    INDIVIDUAL DEFENDANTS and DOES 51-100's sexual abuse of PLAINTIFF and others was therefore also an abuse of authority as an agent and/or employee of COUNTY and DOES 1-50.

147.    The agents and/or employees of DEFENDANTS breached their duty to protect its citizens, including PLAINTIFFS, from reasonably foreseeable risks of sexual abuse when it has failed to use reasonable care in hiring and/or supervising and/or training its agents and/or employees from reasonably foreseeable risks of sexual abuse and touching and detect and report reasonable suspicion of sexual abuse and improper touching.

148.    DEFENDANTS and agents and/or employees knew and/or should have known that its conduct as described in this complaint was likely to cause its citizens, including PLAINTIFFS, to suffer severe emotional distress.

149.    As a direct and proximate result of this negligent conduct of DEFENDANTS and agents and/or employees' and as a direct proximate result of the negligent conduct of DEFENDANTS, individually, jointly, and/or severally, PLAINTIFFS sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability in the past, present, and future. The injuries suffered by PLAINTIFFS are substantial, continuing, and permanent. PLAINTIFFS are entitled to damages in an amount to be determined by proof at trial.

## EIGHTH CAUSE OF ACTION

### 42 U.S.C. § 1983

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**(Against All Individual Defendants)**

150.    PLAINTIFFS reallege and incorporate by reference herein each and every allegation contained above as though fully set forth and brought in this cause of action.

151.    At all relevant times, the INDIVIDUAL DEFENDANTS acted under color of law in their capacities as COUNTY employees at FACILITY and deprived PLAINTIFFS of rights secured by the Constitution of the United States, including the Fourteenth Amendment right to bodily integrity and to be free from unreasonable, excessive, and sexualized force while in custody.

152.    The INDIVIDUAL DEFENDANTS used their authority to isolate, coerce, and sexually assault PLAINTIFFS, minor detainees, with deliberate indifference to, and/or specific intent to violate, clearly established constitutional rights.

153.    As a direct and proximate result, PLAINTIFFS suffered damages as alleged herein. PLAINTIFFS seeks compensatory damages, and, against the INDIVIDUAL DEFENDANTS, punitive damages to the extent permitted by law, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## NINTH CAUSE OF ACTION

### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 (Monell)

### (Against COUNTY)

154.    PLAINTIFFS reallege    and    incorporate    by    reference herein each    and every allegation contained above as though fully set forth and brought in this cause of action.

155.    The    constitutional    deprivations    suffered    by PLAINTIFFS were    caused by COUNTY policies, customs, and practices exhibiting deliberate indifference to the rights of children in custody, including but not limited to: (a) failing to train, supervise, and discipline staff regarding prevention, detection, and reporting of sexual abuse; (b) permitting staff to isolate minors in staff-only areas without adequate supervision; (c) failing to investigate and address red flags and prior complaints of sexual misconduct; and (d) maintaining a culture of intimidation and retaliation that deterred reporting by youth.

156.    The foregoing policies, customs, and practices were the moving force behind the

37

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

violations of PLAINTIFFS' constitutional rights. The COUNTY is liable for damages under 42 U.S.C. § 1983. PLAINTIFFS seek compensatory damages and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## TENTH CAUSE OF ACTION

### FAILURE TO SUMMON IMMEDIATE MEDICAL CARE (Gov't Code § 845.6)

### (Against COUNTY and Individual Defendants)

157.    PLAINTIFFS reallege and incorporate by reference herein each and every allegation contained above as though fully set forth and brought in this cause of action.

158.    While in custody at FACILITY, the INDIVIDUAL DEFENDANTS and other COUNTY employees knew or, in the exercise of due care, had reason to know that PLAINTIFFS were in need of immediate medical and/or mental health care following the sexual assaults alleged herein, as evidenced by his acute emotional distress and trauma. Despite this knowledge, they failed to summon such immediate medical care as required by Government Code section 845.6.

159.    As a direct and proximate result of the failure to summon immediate medical care, PLAINTIFFS suffered additional and exacerbated injury and damages according to proof.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against the DEFENDANTS as follows:

### FOR ALL CAUSES OF ACTION

A. For past, present, and future general damages in an amount to be determined at trial;

B. For special damages, including past and future hospital, medical, professional, and incidental expenses in excess of the jurisdictional minimum of this Court according to proof;

C. For costs of suit herein;

D. For exemplary damages against only INDIVIDUAL DEFENDANTS, et al.

E. For civil penalties pursuant to Civil Code section 52(b)(2)

///

///

///

38

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

F. For attorney's fees pursuant to Civil Code section 52.1

G. For such other and further relief as the Court may deem just and proper.

Date: February 19, 2026

STINAR LANNEN, PLLC

By: _____
JORDAN M. JONES, Esq.
*Counsel for Plaintiffs*

PARKER STINAR, Esq.
SYMONE SHINTON, Esq.
Stinar Lannen, PLLC
*Co-Counsel for Plaintiffs*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand that this action be determined by trial by jury.

Date: February 19, 2026                    STINAR LANNEN, PLLC

By: _____
JORDAN M. JONES, Esq.
*Counsel for Plaintiffs*

PARKER STINAR, Esq.
SYMONE SHINTON, Esq.
Stinar Lannen, PLLC
*Co-Counsel for Plaintiffs*

40

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF