United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J.H. DOE, et al.,<br>Plaintiffs,<br>v.<br>COUNTY OF LAKE,<br>Defendant. | Case No. 26-cv-02878-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SEVER ANY REMAINING CLAIMS**<br><br>Re: Dkt. No. 34 |

Three plaintiffs bring claims arising out of sexual abuse they allegedly experienced at the hands of Lake County employees while they were housed at Lake County Juvenile Hall ("LCJH"). The County of Lake ("County") moves to dismiss the claims asserted against it. For the reasons set below, the motion is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiffs were each detained at LCJH, a County-owned and operated juvenile detention facility, as minors. Second Amended Complaint ("SAC") [Dkt. No. 30] ¶¶ 13, 35. John J.H. Doe ("J.H.") was housed at LCJH between approximately 1998 and 1999 when he was twelve and thirteen years old. *Id.* ¶ 149. During his detention, a guard who was well known as a "pervert" to the detainees repeatedly isolated him during intakes and forced him to repeat the "cough and bend over" procedure. *Id.* The guard also subjected him to sexually voyeuristic and stalking behavior. *Id.* Despite the guard's reputation and the observable nature of his behavior, the County did not investigate his sexual misconduct toward J.H. *Id.* J.H. was also subjected to "dipping" (staff tackling, body slamming, or other excessive physical force used against juvenile detainees) and solitary confinement, both punitive measures employed at LCJH. *Id.*

John I.H. Doe ("I.H.") was housed at LCJH between 2007 and 2008 when he was 16 or 17

years old. *Id.* ¶ 150. While in custody, his supervising guard called him slurs and made threatening movements and comments. *Id.* The guard also conducted degrading strip inspections of I.H. and other detainees while making sexual comments. *Id.* Throughout I.H.'s detention, the guard isolated I.H. and forced him to engage in oral sex. *Id.* The guard would subsequently assign I.H. to high privileges as an inducement and silencing tool. *Id.* Despite the guard's threats, I.H. attempted to report the abuse by filing written complaints with the facility, requesting to speak with his assigned probation officer, and telling the other guards about what happened. *Id.* Despite these efforts, none of his complaints were investigated. *Id.*

Jane L.W. Doe ("L.W.") was housed at LCJH between 2002 and 2003 when she was fourteen or fifteen years old. *Id.* ¶ 151. A male guard sexually abused her while they were alone in the transport/booking room, despite County policy prohibiting cross-gender searches. *Id.* The abuse stopped when a female officer entered the room. *Id.* The male guard gave L.W. a threatening glare. *Id.* The two staff members "exchanged looks and dropped the matter." *Id.* The female officer never investigated or reported the incident. *Id.*

Plaintiffs "first discovered the actionable institutional nature of their claims in approximately November 2025, when public disclosures, legal proceedings, and other survivor accounts relating to institutional sexual abuse at LCJH and other California juvenile detention facilities revealed that their individual experiences were not isolated incidents but part of an alleged pattern of staff sexual abuse, suppression of complaints, retaliation, and failure to summon care." *Id.* ¶ 69. Each plaintiff alleges ongoing and persistent mental, emotional, and psychological problems because of the sexual abuse he or she experienced. *Id.* ¶¶ 149–51.

Plaintiffs filed their suit against the County and individual defendants in the California Superior Court in Lake County on February 19, 2026. *See* Notice of Removal [Dkt. No. 1] at 1. The County removed this case to the United States District Court for the Northern District of California. *Id.* It then filed a motion to dismiss the complaint and sever any remaining claims. Dkt. No. 5. Plaintiffs filed an amended complaint, mooting the County's motion. Dkt. No. 17. The County filed another motion to dismiss and sever. Dkt. No. 20. After plaintiffs attached a proposed second amended complaint to their opposition, I denied the County's second motion as

moot and ordered plaintiffs to file the amended complaint. Dkt. No. 28. After plaintiffs did so, the County filed this motion to dismiss the second amended complaint and sever any remaining claims. Dkt. No. 34. I heard oral argument on September 30, 2026.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

Plaintiffs bring seven claims against the County, one of which is a federal law claim under

section 1983 and the rest of which are state law claims. The County moves to dismiss all of these claims and to sever any remaining claims.

## I. Section 1983 (*Monell*) Claim

Plaintiffs allege a *Monell* claim against the County based on the County's failure to implement safeguards against abuse of juvenile detainees. *See* SAC ¶¶ 348–60. The County moves to dismiss this claim on the grounds that it is time-barred or, in the alternative, inadequately pleaded. Mot. at 12–17.

### A. The *Monell* Claim is Not Time-Barred.

Because section 1983 does not contain a statute of limitations provision, federal courts borrow the forum state's statute of limitations for personal injury actions. *Bone v. City of Los Angeles*, 471 F. App'x 620, 622 (9th Cir. 2012). In California, this statute of limitations is two years. *Id.* However, federal law, not state law, determines when a civil rights action accrues. *Id.* A section 1983 claim accrues "not just when the plaintiff experiences the injury, but when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *St. Clair v. County of Okanogan*, 154 F.4th 1154, 1159 (9th Cir. 2025) (internal quotations and citation omitted). This discovery rule incorporates "some flexibility." *Id.* at 1160.

The County focuses on when plaintiffs became aware of the alleged sexual misconduct, asserting that "[a]llegations that they be[c]ame aware in 2025 of their legal rights and that others suffered similar harm do not constitute delayed discovery because those revelations do not change the fact that they were aware of their injuries when they occurred." Mot. at 13–14. But Plaintiffs' *Monell* claim is not solely about the sexual abuse they experienced. Rather, the claim is based on "longstanding policies, customs, and practices of deliberate indifference" toward the risk of minor detainees being sexually abused and denied care. SAC ¶¶ 348–60. Accordingly, plaintiffs' claim accrued when they knew, or in the exercise of reasonable diligence should have known, not only of their injury, but also the cause of the injury – the County's longstanding custom of deliberate indifference. *See Sanchez v. County of Sacramento*, No. 2:19-CV-01545, 2022 WL 866057, at *8 (E.D. Cal. Mar. 23, 2022).

Plaintiffs allege that they "first discovered the actional institutional nature of their claims in approximately November 2025, when public disclosures, legal proceedings, and other survivor accounts relating to institutional sexual abuse at [LCJH] and other California juvenile detention facilities revealed that their individual experiences were not isolated incidents but part of an alleged pattern of staff sexual abuse, suppression of complaints, retaliation, and failure to summon care." SAC ¶ 69. They further allege that, at the time of the abuse, they lacked the information necessary to learn any facts giving rise to the *Monell* claim. *Id.* ¶ 70. At the hearing, the County argued that plaintiffs did not show reasonable diligence in discovering the pattern of abuse. At this stage, plaintiffs' allegations support an inference that they neither knew nor reasonably should have known of such a pattern until after November 2025. *See Wilson v. Hayes*, 228 F. Supp. 3d 1100, 1112–13 (S.D. Cal. 2017). "Indeed, precisely what [plaintiffs] knew and when [they] knew it are questions of fact, better left for a jury." *St. Clair*, 154 F.4th at 1160 (internal quotations and citation omitted). The County may investigate plaintiffs' factual allegations in discovery and, if appropriate, challenge them by bringing a motion for summary judgment and reasserting the statute of limitations. *See Wilson*, 228 F. Supp. 3d at 1113.

Accordingly, I decline to dismiss plaintiffs' *Monell* claim against the County on statute of limitations grounds.[1]

### B. Plaintiffs State a *Monell* Claim.

A plaintiff may establish *Monell* liability by showing that "a government employee committed the allege violation pursuant to a . . . longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Watts v. County of Sacramento*, 256 F.3d 886, 891 9th Cir. 2001) (internal quotations and citation omitted). The *Monell* claim "may be based on a policy, custom, or practice by pleading governmental actions and practices such as a failure to train employees in a manner that amounts to deliberate indifference to a constitutional right, or a failure to investigate and discipline employees in the face of widespread constitutional violations." *Cha v. City & County of San Francisco*, No. 3:24-CV-04700-PHK,

[1] Because I find that the *Monell* claim is timely because of delayed accrual, I do not reach plaintiffs' equitable tolling or equitable estoppel arguments.

2025 WL 2782587, at *13 (N.D. Cal. Sept. 30, 2025). The alleged practice or custom must consist of more than “random acts or isolated events.” *Schindler v. Contra Costa County*, No. 4:21-CV-02984-JSW, 2022 WL 1002464, at *4 (N.D. Cal. Apr. 4, 2022).

The parties dispute whether plaintiffs plausibly allege a custom, policy, or practice of being deliberately indifferent to sexual abuse of minor detainees. *See* Oppo. at 22; Reply at 8. The County asserts that the sexual misconduct plaintiffs experienced comprise “sporadic” and distinct incidents that do not rise to the level of a custom, policy, or practice. *See* Mot. at 17; Reply at 8–9. I disagree. The complaint alleges multiple incidents of repeated sexual abuse by facility staff against juvenile detainees. *See* SAC ¶¶ 149–51. For each plaintiff, the sexual misconduct was observed by or reported to other staff members, yet in each instance, no staff member took action. *Id.* Plaintiffs further allege that each perpetrating “staff member used their authority, control over daily assignments, and isolation within the unit to coerce [plaintiffs] into sexual contact.” *Id.* Moreover, the fact that the alleged incidents occurred during different time periods does not undermine a finding of a longstanding custom, policy, or practice. “Older . . . incidents support the existence of a longstanding culture, and the fact that complaints were not sustained could support a systematic failure to address the kinds of constitutional violations [plaintiffs are] alleging.” *Ochoa v. City of San Jose*, 5:21-CV-02456-BLF, 2021 WL 7627630, at *6 (N.D. Cal. Nov. 17, 2021). The alleged incidents show enough “facial similarities” to survive the motion to dismiss stage. *Id.* To the extent the County “quibble[s] with the factual similarity of . . . these prior incidents,” such issues are better addressed following discovery. *Id.*

I DENY the County’s motion to dismiss the ninth cause of action.

## II. California Government Code Section 845.6 Claim

A public entity is liable under section 845.6 where it intentionally or unjustifiably fails to provide immediate medical care. *Lemmons v. County of Sonoma*, No. 3:16-CV-04553-WHO, 2018 WL 452108, at *7 (N.D. Cal. Jan. 17, 2028). The County contends that plaintiffs’ section 845.6 claim must be dismissed because it is time-barred, required submission of a claim to the County prior to this action, or lacked sufficient allegations of a serious and obvious medical condition requiring immediate care. Mot. at 17–19.

**A. The Section 845.6 Claim is Exempt from the Statute of Limitations and the Claim Presentation Requirement.**

The County argues that plaintiffs' section 845.6 claim is subject to the two-year statute of limitations for personal injury actions and the claim presentation requirement imposed by the California Government Claims Act on the grounds that the claim concerns failure to summon medical care, not childhood sexual assault. *Id.* at 17–18. I reject such a formalistic reading.

California Code of Civil Procedure section 340.11 extends the statute of limitations for actions seeking "recovery of damages suffered as a result of childhood sexual assault that occurred before January 1, 2024." Cal. Code Civ. Proc. § 340.11(a)(1). Claims based on childhood sexual assault are also exempted from the claim presentation requirement. *Id.* § 340.11(q). Courts have repeatedly held that claims stemming from injuries caused by the alleged sexual assault fall under these exemptions. *See, e.g.*, *Land v. Rodriguez*, No. 3:18-CV-07365-AMO, 2025 WL 1684888, at *3 (N.D. Cal. June 16, 2025) (exempting claims that the plaintiff would not have raised had the sexual assaults not occurred); *C.U. v. Virpur Invs., LLC*, No. 2:25-CV-01393, 2026 WL 2185361, at *6 (E.D. Cal. July 29, 2026) (holding that plaintiff's childhood sexual assault claim and "derivative" common-law claims were timely).

Plaintiffs' section 845.6 claim is premised on the County's alleged failure to provide immediate medical care following the incidents of sexual abuse plaintiffs experienced. *See* SAC ¶¶ 367–70. The allegations support a finding that "had the sexual assaults not occurred, "[p]laintiff[s] would not have raised [this] claim." *Christina N. v. City of San Bernardino*, No. 5:24-CV-01593, 2024 WL 5411376, at *7 (C.D. Cal. Oct. 18, 2024).

**B. Plaintiffs Sufficiently Allege a Serious and Obvious Medical Condition Requiring Immediate Medical Care.**

"Liability of public entities . . . under Government Code section 845.6 is limited to serious and obvious medical conditions requiring immediate care." *Lucas v. County of Los Angeles*, 47 Cal. App. 4th 277, 288 (1996). The County contends that plaintiffs did not allege "a serious and obvious medical condition requiring immediate care" with any specificity.

A sufficient claim under section 845.6 requires three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care and (3) failed to

reasonably summon such care. *Cravotta v. County of Sacramento*, 717 F. Supp. 3d 941, 962 (E.D. Cal. 2024). The term "immediate" "does not signify urgent" but instead refers to the employee's obligation to "act in a 'timely' manner, so as to prevent further injury." *Id.*

The complaint sufficiently states facts that support the inference that the alleged sexual abuse created "serious" conditions that were "obvious" to the employees. The complaint details the risks, acute injuries, and psychological and physical trauma that victims of sexual assault may experience and alleges that immediate care is needed to prevent harm from escalating. *See* SAC ¶¶ 119–38. It also "sufficiently identifies the type of medical care that [plaintiffs] claim[] should have been immediately summoned . . . and how such care would have prevented harm to [plaintiffs]." *Malear v. State of California*, 89 Cal. App. 5th 213, 226 (2023). Each plaintiff alleges that they exhibited observable signs of acute psychological distress following their sexual abuse, that County employees had actual knowledge of the abuse, and that the County failed to summon care. *See* SAC ¶¶ 367, 369–70.

Liberally construed, the complaint alleges a section 845.6 claim against the County. I DENY the County's motion to dismiss the tenth cause of action.

### III. Remaining State Law Claims

The County argues that the remaining state law claims should be dismissed with prejudice because it is immune from suit under California law. Mot. at 19. California Government Code section 844.6(a)(2) provides that, absent a statutory exception,[2] "a public entity is not liable for . . . [a]n injury to any prisoner." Cal. Gov't. Code § 844.6(a). Courts have construed the term "prisoner" to include minors in juvenile detention facilities. *See, e.g.*, *M. B. v. City & County of San Francisco*, No. 3:24-CV-00301-RFL, 2024 WL 4049889, at *3 (N.D. Cal. Sept. 3, 2024); *Morales v. County of Los Angeles*, No. 2:06-CV-01391, 2006 WL 8567276, at *11 (C.D. Cal. Nov, 7, 2006). Here, all three plaintiffs allege that they were injured while they were minors detained at LCJH, making them "prisoners" as that term is defined. *See* SAC ¶¶ 35–36.

In opposition, plaintiffs argue that section 844.6(a)(2) is unconstitutional as applied to "the

[2] Section 845.6 is one such exception. Cal. Gov't Code § 844.6(a).

suspect class of detained juvenile victims of sexual assault." Oppo. at 29. Plaintiffs' eleventh cause of action seeks a declaratory judgment that applying section 844.6(a)(2) here would violate equal protection and due process under the Fourteenth Amendment and the California Constitution. SAC ¶¶ 383, 390, 398.

As an initial matter, as the County pointed out in its opposition and at oral argument, the declaratory relief plaintiffs seek is based only on past alleged wrongs committed by the County. *See* Oppo. at 20. But "[d]eclaratory relief operates prospectively to declare future rights, rather than to redress past wrongs." *Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan*, 150 Cal. App. 4th 1487, 1497 (2007).

Moreover, absent a suspect classification or the infringement of a fundamental right, the challenged legislation violates equal protection and substantive due process only if it fails the rational basis test. *See Price v. Bjelland*, 370 F. App'x 838, 839-40 (9th Cir. 2010). A classification violates equal protection "only if they are based no reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them." *Williams v. Alameda County*, No. 3:22-CV-01274-LB, 2024 WL 4050393, at *5 (N.D. Cal. Sept. 3, 2024) (citation omitted). Likewise, a legislative act does not violate substantive due process "as long as it advances any legitimate public purpose." *Id.* at *6. The plaintiff bears the burden of "negat[ing] every conceivable basis which might support [the legislation]." *Id.* at *5.

Plaintiffs' argument that no legitimate state interest exists has been tried – and has failed – before. Oppo. at 30. Courts have "upheld [section 844.6] against attack on equal protection and due process grounds," explaining that "[t]he immunity rationally relates to the promotion of orderly prison administration" by spurring "the individual prison official [to] be more cautious in performing his duties" on account of his own personal liability and "reduc[ing] the number of prison injuries resulting from official misfeasance." *Hughes v. County of San Diego*, 35 Cal. App. 3d 349, 352 (1973); *see Hepner v. County of Tulare*, No. 1:18-CV-00774, 2025 WL 380421 (E.D. Cal. Feb. 4, 2025) (holding the same in response to as-applied challenge).

Because the state law claims against the County are barred under section 844.6, and because plaintiffs cannot allege new facts that would overcome rational basis, I GRANT the

United States District Court
Northern District of California

County's motion to dismiss the fourth, fifth, sixth, seventh, and eleventh causes of action without leave to amend.

**IV. Motion to Sever**

The County submits that any remaining claims should be severed into separate actions for each plaintiff. Mot. at 20–21; Reply at 10. Under Federal Rule of Civil Procedure 21, the court may sever any claim against a party. Fed. R. Civ. Proc. 21. A district court has "broad discretion" in deciding whether to sever claims. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). However, a court may not "attempt to separate an essentially unitary problem." *Anticancer, Inc. v. Pfizer Inc.*, No. 3:11-CV-00107, 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012). In deciding whether to sever a claim under Rule 21, a court considers (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Hernandez v. City of San Jose*, No. 5:16-CV-03957-LHK, 2017 WL 2081236, at *4 (N.D. Cal. May 15, 2017).

The County argues that the claims do not arise out of the same transaction or occurrence or present common questions of fact and that each claim will require different discovery and evidence at trial. Mot. at 21. In response, plaintiffs contend that each of the claims arise from the County's continuous and institutional failure to train or supervise employees or protect minor detainees at LCJH. Oppo. at 32. Plaintiffs also assert that severing the claims would lead to wasteful discovery because of significant overlap in witnesses and documentary proof, all within the County's control. *Id.*

Here, the surviving claims necessarily present some common questions of law and fact, such as whether a recognized custom or policy exists, whether plaintiffs' constitutional rights were violated, and whether that policy was the moving force behind the constitutional violations. *See Vasquez v. County of San Bernardino*, No. 5:14-CV-01753, 2018 WL 6075347, at *4 (C.D. Cal. Jan. 29, 2018). As a result, there will likely be overlap in witnesses and evidence. For these reasons, I DENY the County's motion to sever. I may revisit the question of severance as a case

management issue for the purposes of trial at a later stage in this action.

**CONCLUSION**

For the foregoing reasons, the County's motion to dismiss is GRANTED in part and DENIED in part. The fourth, fifth, sixth, seventh, and eleventh causes of action are DISMISSED without leave to amend. The remainder of the motion is DENIED. The County's motion to sever is also DENIED.

**IT IS SO ORDERED.**

Dated: October 6, 2026

William H. Orrick
United States District Judge